IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bilal A. Al-haqq #126806, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.:2:13-2867-JFA-WWD |
| ) | |
| John Pate, Warden; ) | |
| Major Walter Worrick; ) | |
| Alw Randall Williams; ) | |
| Lt. Richard Jenkins; ) | |
| Lt. Tyler; ) | |
| Sgt Oliver Washington; ) | REPORT AND RECOMMENDATION |
| Cpl Marvin Bryant; ) | |
| Ms. Edith Wetherbee; ) | |
| Mrs. Virginia Grubbs; ) | |
| Ms. V. Jones, ) | |
| in their Official and Individual Capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This civil rights action, brought pursuant to 42 U.S.C. § 1983[1], filed by a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u> is before the undersigned United States Magistrate Judge for a report and recommendation on the Defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted. 28 U.S.C. § 636 (b)  and Local Civil Rule 73 .02, DSC.

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983

1

The Plaintiff, Bilal A. Al-Haqq, #126806, (Al_Haqq), filed this action on October 21, 2013, and filed an amended complaint[2] on November 8, 2013. The parties were served and the instant motion (Dkt. 18) was filed on January 28, 2014. On January 31, 2014, Al-Haqq was provided a Roseboro order advising him of the importance of such motions and of the need for him to file an adequate response. He moved for an extension of time to oppose the motion to dismiss, which was granted over Defendants' opposition on March 3, 2014. Al-Haqq responded with a memorandum in opposition to the motion that same day.

Thereafter, on April 15, 2014, the Plaintiff filed a one sentence motion to dismiss Defendants Grubbs and Jones from the action, and gave no reason for his motion. The Defendants agreed to the dismissal with prejudice on April 22, 2014. However, on May 19, 2014, Al-Haqq sent a letter to the Clerk asking that Defendant Grubbs remain a defendant in the case, and indicated he had sent a copy of the request to the Defendants' attorney[3]. Finally, on June 12, 2014, the case was reassigned to the undersigned. Hence, it appears consideration of the motion is appropriate.

## Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952

---

[2] Plaintiff's amended complaint seeks a jury trial, however, he asked for a jury trial in his initial pleading.

[3] If this report and recommendation is accepted by the Court, this motion should be dismissed as it will be moot.

(4th Cir.1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted).  Instead, a Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable," id.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556).  Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the Plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass

3

v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir.2002)).  Last of all, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## The Complaint

Al-Haqq wrote in his verified complaint filed on October 21, 2013, that he was incarcerated at Allendale Correctional Institution (ACI)[4], a facility of the South Carolina Department of Corrections (SCDC), at all times relevant to his complaint.  He alleges he was removed from an inmate job in the cafeteria in February 2013 by Defendant Tyler to be drug tested "without justification and against SCDC policy."  Plaintiff was taken to a holding cell, given 7 large cups of water, and, after an hour, alleges he was unable to hold his urine and urinated on himself.   Plaintiff alleges he was going to be charged with failing the drug test, however, due to being left in the cell, he was not charged.

Five days later, Plaintiff was taken by Defendant Tyler, a correctional officer at ACI, for another drug test.  Plaintiff alleges the test was negative, but Defendant Washington, also a correctional officer at ACI believed something was wrong, so a test stick was used.  The test stick however, was "blurry," and could not be read.

---

[4] Al-Haqq is no longer housed in the at ACI. (DKT 42)

Plaintiff claims that policy permits an initial test and one confirmation test only. Nonetheless, a third test was ordered by Defendant Washington, because Washington stated that, "the last test was positive." Plaintiff claims he asked that the urine sample be saved as evidence, but the urine sample and the test stick were not kept.

Plaintiff was charged with failing a drug test, and he was found guilty following a Disciplinary Hearing before a Disciplinary Hearing Officer (DHO) at which he was not permitted to call witnesses. He also alleges he was not afforded "counsel substitute." According to the Plaintiff, Defendant Washington admitted to the DHO, Defendant Williams, that he refused to allow another officer, Officer Campbell, who is not a named Defendant, to see the results of the urine test, because Officer Campbell was in training. Defendant Washington also admitted he ordered a third test because the test stick was unreadable.

Plaintiff claims the incident report shows, incorrectly, that only two tests were administered. Plaintiff also alleges the only evidence submitted to the DHO was a "drug test form," in addition to Defendant Washington's testimony, which testimony contradicted the incident report. While Plaintiff alleges he was allowed to question Officer Campbell, he states there was no "opportunity for [him] to prepare for adequate questioning of Officer Campbell." Plaintiff also claims the DHO was biased, because he indicated that he had once been a drug test officer. Plaintiff alleges he was convicted and sentenced to 360 days of disciplinary detention which is "atypical and [a] hardship from normal prison life."

Plaintiff also claims that Defendant Wetherbee refused to provide him with a transcript of the hearing. In addition, Plaintiff requested that a transcript of the hearing

5

be provided when he appealed to the Administrative Law Court, but his request was denied. Plaintiff states the Defendant Jones denied Plaintiff proper legal supplies, and Defendant Grubbs refused to mail correspondence regarding Plaintiff's appeal to the ALC and has censored Plaintiff's legal mail.

Defendants Bryant and Jenkins are responsible for Plaintiff's outdoor recreation which Plaintiff claims he has been denied since his placement in the Special Management Unit (SMU)[5] on February 28, 2013. Defendant Worrick signed the charge and lock-up form to place Plaintiff on SMU and Defendant Pate denied Plaintiff's grievance.

Plaintiff alleges the foregoing demonstrates a denial of his First, Fifth, Sixth, and Eighth Amendment rights ("due process, access to courts, redress of grievance, right to call witness, cruel and unusual punishment, impartial decision maker, [and] outdoor exercise.") Plaintiff asks for a declaratory judgment, a preliminary and permanent injunction, release from disciplinary detention, compensatory and punitive damages, a jury trial, costs, and other relief the court deems just, proper, and equitable.

In Section II, A through G, of his verified Complaint, Al-Haqq represented that he had exhausted his claims against Defendant Officer Washington regarding the administration of the drug tests, his incident report, and his testimony at the hearing before the DHO. Specifically, he attached the Step One Grievance he filed on March 8, 2013, which was investigated and denied, and the Step Two Grievance filed on March 15, which was also investigated and denied. While he represented that he had grieved

---

[5] Al-Haqq was released from the SMU on March 13, 2014. (Dkt. 29).

6

the other claims against the other Defendants in these aforementioned grievances, a reading of those Grievances makes it clear that he did not grieve them.

The Prison Litigation Reform Act's Exhaustion Requirement

The Defendants' first ground for dismissal is that Plaintiff failed to comply with the Prison Litigation Reform Act's (PLRA) exhaustion requirement.  The PLRA, 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

 A plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  Nevertheless, if the lack of exhaustion is apparent from the face of the prisoner's complaint, as here, dismissal is appropriate. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

A review of the record and relevant case law reveals Al-Haqq failed to exhaust his administrative remedies as to all Defendants and all claims save Defendant Washington in regards to claims surrounding his drug conviction.  The Defendants' motion to dismiss should be granted to that extent.

7

### Immunity from Claims for Monetary Damages
### Against Defendants in their Official Capacity

Plaintiff's claims against Defendants should be dismissed to the extent that he is seeking monetary damages against them in their official capacities because they are immune from such liability under the Eleventh Amendment. In <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court stated:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself. We see no reason to adopt a different rule in the present context, particularly when such a rule would allow petitioner to circumvent congressional intent by a mere pleading device.
> We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983. The judgment of the Michigan Supreme Court is affirmed. [Citations omitted].

Pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. <u>Hans v. Louisiana</u>, 134 U.S. 1, 9, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose a liability upon a State or State officials, which may be paid from public funds in the state treasury. <u>Quern v. Jordan</u>, 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Absent consent, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. <u>Kentucky v. Graham</u>, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 99–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

Nevertheless, pursuant to the Eleventh Amendment, a federal court may enjoin state officials to conform their future conduct to federal law, which is distinguishable from a retroactive monetary award paid from State funds. Id. at 337, 99 S.Ct. 1139.

Thus, it appears that all Defendants are immune from liability for monetary damages in that capacity under the Eleventh Amendment. Consequently, these claims should also be dismissed.

## Conclusion

Accordingly, for the aforementioned reasons, it is recommended that Defendants' motion to dismiss be granted on all claims against all Defendants except claims regarding the drug search and conviction against Defendant Washington in his individual capacity. Al-Haqq's claims against Washington are not subject to dismissal for failure to state a claim upon which relief can be granted as he raised legitimate claims against Washington which require development of the facts.

**IT IS SO RECOMMENDED**.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

July 28, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).