IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bilal A. Al-Haqq, | ) C/A No. 2:13-2867-JFA-WWD |
| Plaintiff, | ) |
| vs. | ) ORDER |
| John Pate, Warden; Major Walter Worrick; Alw Randall Williams; Lt. Richard Jenkins; Lt. Tyler; Sgt. Oliver Washington; Cpl. Marvin Bryant; Ms. Edith Wetherbee; Mrs. Virginia Grubbs; Ms. V. Jones, in their official and individual capacities, | ) |
| Defendants. | ) |

The *pro se* plaintiff, Bilal A. Al-Haqq, is an inmate with the South Carolina Department of Corrections. At the time of the incidents giving rise to this action, the plaintiff was housed at the Allendale Correctional Institution. He brings this action pursuant to 42 U.S.C. § 1983 alleging denial of his constitutional rights under the First, Fifth, Sixth, and Eighth Amendments. He seeks injunctive relief and monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendants' motion to dismiss should be granted as to all defendants except defendant Washington as a result of plaintiff's failure to exhaust his

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

administrative remedies.[2]   The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which docketed on July 28, 2014. The plaintiff has not filed any objections and the time within which to do so has expired.  In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge notes in his Report and Recommendation, the plaintiff has failed to exhaust his administrative remedies against all but one defendant (Washington) as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Thus, the Magistrate Judge concludes that defendants' motion to dismiss should be granted on all claims against all defendants except defendant Washington in his individual capacity with regard to the claims regarding the drug search and conviction.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court adopts and incorporates the Report herein by reference. Accordingly, the motion to dismiss (ECF No. 18) of all defendants, except for defendant Sgt. Oliver Washington, is granted with respect to the plaintiff's failure to exhaust his administrative remedies as discussed herein.

The Clerk is directed to return this matter to the Magistrate Judge for proceedings as to defendant Washington.

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff responded to the motion.

IT IS SO ORDERED.

September 3, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3