# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| BILAL A. AL-HAQQ, | ) | C/A No. 2:13-CV-2867-TMC-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | OF THE MAGISTRATE JUDGE |
| SGT. OLIVER WASHINGTON, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under Title 42, United States Code, Section 1983. The Plaintiff is currently in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Ridgeland Correctional Institution. This matter is before the court on Defendant's Motion for Summary Judgment. (Dkt. No. 64.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

The Plaintiff brought this action on or about October 21, 2013 and filed an Amended Complaint on November 8, 2013.[1] (See Dkt. Nos. 1; 7.) On January 28, 2014, Defendant Washington and 9 other defendants filed a Motion to Dismiss. (Dkt. No. 18.) Adopting the Report and Recommendation of the Magistrate Judge, the district court granted the Motion to Dismiss "on all claims against all defendants except defendant Washington in his individual capacity with regard to the claims regarding the drug search and conviction." (Dkt. No. 52.)

---

[1] The Plaintiff's Amended Complaint seeks a jury trial. However, he asked for a jury trial in his initial pleading.

1

Defendant Washington filed the instant motion on November 19, 2014. (Dkt. No. 64.) By order filed November 20, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 5, 2015, the Plaintiff filed his Response to Summary Judgment. (Dkt. No. 69.)

## ALLEGED FACTS[2]

Al-Haqq alleges in his verified complaint filed on October 21, 2013, that he was incarcerated at Allendale Correctional Institution (ACI), an SCDC facility, at all times relevant to his complaint. He alleges he was removed from an inmate job in the cafeteria on February 7, 2013, by SCDC Lieutenant Tyler to be drug tested "without justification and against SCDC policy." Defendant Washington placed the Plaintiff in a holding cell, where he was given 7 large cups of water and, after waiting an hour and Washington did not return to administer the drug test, he was unable to hold his urine and urinated on himself. The Plaintiff asked other guards to find Defendant Washington to allow the Plaintiff to take his drug test before he urinated on himself. Plaintiff alleges he was going to be charged with failing the drug test, but after the guards verified his story of being left in the cell, he was not charged.

On February 12, 2013, Lt. Tyler again pulled the Plaintiff from his job to be drug tested by Defendant Washington. Present at the drug test were the Plaintiff, Defendant Washington, inmate Milo Tudor and SCDC Officer Campbell. Defendant Washington gave the Plaintiff the initial test, and it was negative. Defendant Washington believed something to be wrong and used a "confirmation stick" to test the urine cup. Defendant Washington stated that the test stick was blurry, and he could not read it. Defendant Washington then tested the urine cup again, and

---

[2] All of the Alleged Facts are taken from pages 4-7 of the Complaint, Dkt. No. 1.

it was positive. The Plaintiff requested that the test and sample be preserved and that Officer Campbell be allowed to read the test, but his requests were denied by Defendant Washington. The Plaintiff alleges the third testing of the cup violated SCDC policy.

On February 22, 2013, the Plaintiff was charged with failing his drug test and had a disciplinary hearing. At the hearing he was not allowed to call witnesses and was not allowed "counsel substitute." The Plaintiff alleges Defendant Washington testified at the hearing that he failed to include the witnesses in his incident report, conducted the third test contrary to SCDC policy, and did not keep the urine cup or drugs test as evidence. The Plaintiff states that Disciplinary Hearing Officer Williams was biased and found him guilty.

The Plaintiff alleges violations of his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Dkt. No. 1.) He articulates those with more specificity as "due process, redress of grievances, court access, cruel and unusual punishment, disciplinary proceeding violations, denial of witnesses, [and] outdoor recreation." (Id.)

## **STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable

inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); see also Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).

This court recommends the Defendant's Motion for Summary Judgment be granted because no genuine issue of material fact exists as to whether the Plaintiff's constitutional rights were violated by Defendant Washington. The initial attempted drug test and confinement in a holding cell did not violate the Plaintiff's constitutional rights. Illicit drugs are a problem at detention centers across the United States. Ramey v. Hawk, 730 F. Supp. 1366, 1371 (E.D.N.C. 1989) (citing *Block v. Rutherford,* 468 U.S. 576, 588–589 (1984)). "The use of drugs in prisons affects security, discipline, and order within the system and inhibits penal goals and objectives." Id. Federal courts have upheld urine tests to be a valid manner to combat narcotics in prisons. Id.; See Also Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Ceasar v. Ozmint, C/A No. 9:05-2764-MBS, 2006 WL 1751715 (D.S.C. June 19, 2006). Defendant Washington did not infringe on the Plaintiff's constitutional rights by having the Plaintiff submit to a drug test.

4

The Plaintiff urinating on himself in the holding cell while waiting to be given his drug tests did not infringe on his constitutional right to be free from cruel and unusual punishment. U.S. CONST. amend. VIII. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The inmate must show that the "prison official acted with a sufficiently culpable state of mind (subjective component); and the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (citing Williams, 77 F.3d at 761). The Plaintiff does not meet either requirement of Iko. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). "To withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). The Plaintiff's allegation that Defendant Washington left him in the holding cell for "about an hour" causing him to be "unable to hold his urine any longer, and urinate [] on himself" does not rise to level of an Eighth Amendment violation. (Dkt. No. 1 at 4.) See Draper v. W. VA Reg'l Jail, C/A No. 7:09-CV-00189, 2009 WL 2232453, at *2 (W.D. Va. July 24, 2009) (holding the Plaintiff's "incident of urinating on himself is merely an isolated incident and not actionable via the Eighth Amendment); Dunn v. FNU Mitchell, C/A No. 3:14-CV-719-FDW, 2015 WL 338973 (W.D.N.C. Jan. 26, 2015) (holding "allegations of a single, isolated incident in which Plaintiff was left outside in the cold for seven hours do not rise to the level of an Eighth Amendment violation").

The Plaintiff's claim that Defendant Washington did not follow SCDC procedures when conducting the February 12, 2013 drug test does not rise to the level of a constitutional violation and the Defendant's Motion for Summary Judgment should be granted. A violation of an internal prison policy or procedure is not actionable under § 1983 absent some constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir.1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."); Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). The Plaintiff alleges Defendant Washington was in violation of SCDC policy, which allows for an "initial test and (1) confirmation test" when he used "third test" on the Plaintiff's urine. (Dkt. No. 1 at 5.) Assuming *arguendo* the Plaintiff's allegation is true, Defendant Washington's use of a third test in the Plaintiff's urine cup does not violate the Constitution or any federal statutory right.

The Plaintiff's final claims against Defendant Washington regard his testimony and failure to preserve evidence for the Plaintiff's disciplinary hearing after being charged for the failed drug test. These claims are due process claims regarding the Plaintiff's disciplinary hearing. (Dkt. No. 1.) Randall Williams, the disciplinary hearing officer that conducted the Plaintiff's hearing, was previously dismissed as a defendant to this lawsuit. (See Dkt. No. 52.) These claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). See Kerr v. Orellana, 969 F.Supp. 357 (E.D.Va. 1997) (holding that prisoner's § 1983 claim for monetary damages and injunctive relief related to his disciplinary hearing was precluded under Heck). In Heck v. Humphrey, the Supreme Court of the United

6

States held that for a plaintiff to recover damages on the basis of an allegedly unconstitutional conviction or imprisonment, the plaintiff must first have the conviction or sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.  In Edwards v. Balisok, the Supreme Court applied the holding from Heck to prison disciplinary proceedings. Id. at 645–48.  The record contains no evidence that the Plaintiff successfully appealed or otherwise invalidated his disciplinary hearing. The Plaintiff cannot maintain this § 1983 action seeking monetary damages and declaratory and injunctive relief related to the hearing because a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding.

To the extent the Plaintiff's due process claims may survive against Defendant Washington and are not barred by Heck and Edwards, his due process claims regarding his disciplinary hearing are not valid under Wolff v. McDonnell, 418 U.S. 539 (1974) and Brown v. Braxton, 373 F.3d 501 (4th Cir. 2004).  The Wolff Court defined the minimal procedural due process afforded to inmates in disciplinary proceedings.  Brown, 373 F.3d at 504.  Inmates retain the right to have written notice of the charges against them and a written statement outlining the evidence and reasoning of the hearing officer.  Id.  However, inmates are not afforded the right to confront witnesses or be represented by counsel.  (Id. at 504-505.)  Inmates have a qualified right to put forth evidence and call witnesses subject to prison official's "discretion to deny witness requests, where legitimate penological interests justified excluding a witness."  Id. at 505. "Hearing officers…may decide that legitimate penological interests justify the denial of an individual inmate's witness request, and their decisions are not to be lightly second-guessed by courts far removed from the demands of prison administration."  Id.

In the case at bar, the Plaintiff's Complaint alleges the disciplinary hearing violated his due process rights. (Dkt. No. 1.) Specifically, he alleges the following violations of due process: Defendant Williams failed to preserve the Plaintiff's urine cup and drug test as evidence; the Plaintiff was not allowed to call witnesses; the Plaintiff was not "afforded counsel substitute;" Defendant Washington failed to list Officer Campbell as a witness; the Plaintiff was not allowed "to prepare adequate questioning" of Officer Campbell when the hearing officer did allow the Plaintiff to question him; and the hearing officer was biased. None of the Plaintiff's alleged due process violations concern rights afforded to him under <u>Wolff</u> and <u>Brown</u>. They all concern rights he does not have as an inmate or qualified rights that were in the sound discretion of the hearing officer, who is not a defendant to this lawsuit. Defendant Washington was simply a witness at the hearing.

In viewing the facts in a light most favorable to the Plaintiff, the court finds there is no genuine issue of material fact exists as to whether the Plaintiff "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and this court recommends that Defendant Washington is entitled to summary judgment as a matter of law. <u>Dowe</u>, 145 F.3d at 658.

## CONCLUSION

Wherefore, it is RECOMMENDED that Defendants' Motion for Summary Judgment. (Dkt. No. 64.) be GRANTED.

IT IS SO RECOMMENDED.

June 22, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).