IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bilal A. Al-Haqq, | ) | |
| | ) | Civil Action No. 2:13-cv-2867 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. Oliver Washington, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendant's motion for summary judgment. (ECF No. 72). Plaintiff was advised of his right to file objections to the Report. (ECF No. 72 at 9). Plaintiff has filed objections. (ECF No. 81).

      The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

      Plaintiff's objections are mostly unspecific to the dispositive portions of the Report. Plaintiff's objections concern his assertion that he suffered a deprivation of liberty by the

disciplinary proceeding conducted due to a positive drug test and his desire to receive a transcript of the disciplinary proceedings.  As to the disciplinary proceeding, the Report properly found that Plaintiff's procedural complaints are barred by *Edwards v. Balis*, 520 U.S. 641 (1997).  Plaintiff did not specifically object to that finding and finding no clear error, the court adopts the Report's analysis.  Moreover, Defendant was merely a witness at the hearing, and therefore, even assuming Plaintiff was deprived his procedural due process rights and the claims were not barred, Defendant would not be the proper defendant because he did not deprive Plaintiff of any procedural rights.  *Ward v. Johnson*, 667 F.2d 1126, 1131 (4th Cir. 1981) *on reh'g*, 690 F.2d 1098 (4th Cir. 1982) (dismissing a non-hearing officer defendant because he did not deprive the plaintiff of his procedural rights at a disciplinary hearing).

As to the request for the transcript of the disciplinary proceeding, Plaintiff had filed two motions seeking that transcript, and the magistrate judge denied both of those motions on September 2, 2014.  (ECF Nos. 30, 46, 49).  Plaintiff never objected to the denial of his motions to compel.  *See* Fed. R. Civ. P. 72(a) (stating that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law").  Even if Plaintiff had filed timely objections to the denial, the court would have found that the magistrate judge's decision on the discovery request was not clearly erroneous or contrary to law.  *See id.*

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 72) and incorporates it herein.  Defendant's motion for summary judgment (ECF No. 64) is hereby **GRANTED**.

    **IT IS SO ORDERED.**

                                                          s/Timothy M. Cain
                                                           Timothy M. Cain
                                                           United States District Judge

August 20, 2015
Anderson, South Carolina

                              **NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.